UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO. 5:04CR56-4-V

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| THERESA RENEE LEWIS, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's pro se Motion to Defer Total Criminal Monetary Penalties. Document #126.

The Defendant pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine. See Document #71. On Marcy 27, 2006, this Court entered judgment against the Defendant. Document #188. This Court sentenced the Defendant to a term of imprisonment of thirty-seven (37) months, followed by four years of supervised release. Id. The Court also ordered the Defendant to pay a special assessment of $100, and to pay restitution in the amount of $4,336.02. Id.[1]

In her present motion, the Defendant requests that the Court "defer her total criminal monetary penalties." Def. Mt. 1. In support of this motion, Defendant states

---

[1] Regarding these monetary penalties, the Court ordered that payment begin immediately, and that should any balance remain upon her supervised release, the Defendant would pay equal monthly installments of $50 starting sixty (60) days after her release. Document #118 at 5; see 18 U.S.C. § 3572(d)(1) (stating that "a person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately"). The order also states that "unless the court has expressly ordered otherwise, ...payment of criminal monetary penalties shall be due during the period of imprisonment." Id. The Court did not expressly order otherwise.

1

that she only earns $5.25 per month at her job while incarcerated. Id. She also states that, while her family has made her restitution payments, they are no longer able to do so, and thus the Defendant is unable to fulfill her obligations under the Inmate Financial Responsibility Program.[2] Id.

To the extent that the Defendant is asking the Court to modify her participation in the IFRP, the Court will deny the motion for failure to exhaust her administrative remedies through the BOP.[3] See McGhee v. Clark, 166 F.3d 884, 885-887 (7th Cir. 1999). The BOP administers the IFRP. See 28 C.F.R. § 545.10. If an inmate objects to a BOP administered program, the BOP has outlined a series of administrative procedures to address such objections. See 28 C.F.R. §§ 542.13-15. The Defendant does not allege that she has raised these concerns with the BOP, let alone that she has pursued any available administrative remedies.

To the extent that the Defendant is asking the Court to modify its judgment that the payment of restitution is due immediately, the Court will deny the motion. The Court may modify an order of restitution if it receives notice of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay

---

[2]In its Judgment, the Court also recommended that the Federal Bureau of Prisons (BOP) enroll the Defendant in its Inmate Financial Responsibility Program (IFRP), which encourages and assists inmates with developing a financial plan for satisfaction of federal obligations. Participation in the IFRP is voluntary. See Summersett v. Bauknecht, 496 F. Supp. 2d 636, 641 (D.S.C. 2007).

[3]The Court notes that payment schedules devised under the IFRP do not constitute an improper delegation of authority from the Court to the BOP. See United States v. Watkins, 161 Fed. Appx. 337 (4th Cir. 2006) (unpublished). Rather, the BOP provides the IFRP as a means for prisoners to fulfill their financial obligations, which in this case, includes the judgment of the Court requiring the immediate payment of restitution. See Summersett v. Bauknecht, 496 F. Supp. 2d 636, 642 (D.S.C. 2007).

2

restitution." 18 U.S.C. § 3664(k). However, here, the economic circumstances of the Defendant have not changed since sentencing. The Defendant states that she is no longer receiving support from her family. However, any such contributions were not considered by this Court in imposing the restitution penalty or in determining the schedule of payments.[4]

Furthermore, to the extent that the motion of Defendant challenges the execution of the restitution order, the Court will construe the motion as a habeas corpus petition pursuant to 28 U.S.C. § 2241. See Summersett, 496 F. Supp. 2d at 642 (citing United States v. Childs, 126 Fed. Appx. 96 (4th Cir. 2005) (unpublished)). Such a petition must be brought in the district of incarceration. See United States v. Hudson, 221 Fed. Appx. 255 (4th Cir. 2007) (unpublished) (citing 28 U.S.C. § 2241(a) and In re Jones, 226 F.3d 328, 332 (4th Cir. 2000)). Since the Defendant is incarcerated in West Virginia, this Court is without jurisdiction to hear such a petition. Therefore, insofar as this motion may be construed as a habeas petition under § 2241, this Court will dismiss the motion without prejudice to Defendant's right to file the action in the appropriate district.[5]

---

[4] Ultimately, the Defendant challenges the amount of her payments under the IFRP, a matter addressed supra. Although the nature of her family contributions is unclear, the Court notes that, by statute, "if a person obligated to provide restitution, or pay a fine, receives substantial resources from any source ... during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

[5] The Court declines to transfer this action pursuant to 28 U.S.C. § 1631 because the Defendant did not clearly file this motion as a habeas petition, and also because the Defendant retains other, unexplored avenues for relief through the BOP.

**IT IS, THEREFORE, ORDERED** that, for the foregoing reasons, the Motion of Defendant is hereby **DENIED**.

Signed: April 28, 2008

Richard L. Voorhees
United States District Judge